# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | Case No. 1:22-cv-00837-JLT-SAB<br><br>ORDER SCREENING FIRST AMENDED COMPLAINT<br><br>(ECF No. 7)<br><br>**DEADLINE:  MARCH 31, 2023** |

Plaintiff Nathaniel Dwayne Caetano ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action on July 8, 2022. (ECF No. 1.) The first amended complaint asserts claims against Defendants Internal Revenue Service ("IRS"), General Service Administration ("GSA"), and the Securities and Exchange Commission ("SEC") (collectively, "Defendants") (ECF No. 7), and is now before this Court for screening.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the first amended complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

As best as the Court can ascertain, the nonfrivolous factual allegations appear to indicate Plaintiff seeks to assert a claim pursuant to the Freedom of Information Act ("FOIA").[1] (See Am. Compl., ECF No. 7 at 7.) Plaintiff alleges he filed/served Defendants twice, seeking information/documentation regarding his "Individual Master File/Business Master File" and the "Registered Securities … the Bonds sold in contract case no. 09CM3557 and ledgered [sic] in Bond CUSIP no. 315805382 as assets." (Id.) Plaintiff additionally includes his "Vital Record #104-80-343027-1721," presumably as a descriptor relating to the information he seeks. (See id.) The relief Plaintiff appears to seek is "official recognition of being the U.S.A. President/Prasadat

---

[1] However, the majority of Plaintiff's seven-page amended complaint is unintelligible. For example, Plaintiff appears to indicate he constitutes two plaintiffs: (1) Nathaniel Dwayne Caetano, an individual citizen of California/Sovereign "State" Citizen; and (2) Nathaniel Dwayne Caetano, a corporation incorporated under the laws of the District of Columbia with a principal place of business in California. (ECF No. 7 at 5.) Plaintiff's statement of the claim is asserted as follows:

> My Vital Record #104-80-343027-1721 is the Deed and Title to the For Profit (For the PROPHET) Corporation U.S.A. incorporated under the name District of Columbia (bi-column) being the Two Pillars of Jaohen and Roaz. My birth was at the edge of the Universe (the Bibles the last will be First) where Me became the Center (ZERO) of the Universe collapse/osallation. Hanford Community Hospitals address 450 GREENFIELD AVE means … Vortex where the 45° angle of My Birth is Feb. 21 the incorporation date of District of Columbia—the U.S.A. Me has been President/CEO/Prasadat since My Vital Records Registration on JAN. 07, 1981.

(Id.) Plaintiff also includes a triangle chart regarding the apparent significance of his birthdate. (Id.) As Plaintiff was previously advised, arguments based on sovereign citizen ideology have been rejected by the Ninth Circuit, this Court, and district courts across the country as frivolous, irrational, or unintelligible. See, e.g., U.S. v. Studley, 783 F.2d 934, 937 n.3 (9th Cir. 1986); Mackey v. Bureau of Prisons, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. Jun. 14, 2016); U.S. v. Staten, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. Jun. 25, 2012); Banks v. Fla., No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), report and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of … the court's time, which is being paid by hard-earned tax dollars"); U.S. v. Wunder, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. Jul. 8, 2019) ("legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity); Zahir v. Mountcastle, No. 21-CV-1023, 2021 WL 1143381, at *3 (E.D. Pa. Mar. 25, 2021) ("other than irrelevant statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for money damages. Legal sounding but meaningless verbiage is nothing more than a nullity"). Plaintiff is advised that this Court, too, shall reject any such frivolous, irrational, or unintelligible statements.

[sic], eternally and complete control [sic] of My corporation financial 'Trust Fund,' " and $660 trillion (the identified amount in controversy). (ECF No. 7 at 6–7.)

## III.

## DISCUSSION

### A. Legal Standard for Freedom of Information Act

The Freedom of Information Act ("FOIA") provides for the mandatory search and disclosure of information held by federal agencies, unless the records fall within one of nine exemptions specified in the Act. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 220–21 (1978); Rojas v. Fed. Aviation Admin., 989 F.3d 666, 669–70 (9th Cir. 2021), cert. denied, 142 S. Ct. 753 (2022); Inter-Coop. Exch. v. U.S. Dep't of Com., 36 F.4th 905, 908 (9th Cir. 2022); see also 5 U.S.C. §§ 552(b)(1)–(9) (enumerating the nine exemptions). It provides, among other things, that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." See Wright v. U.S. Dep't of Just., 379 F. Supp. 3d 1067, 1076 (S.D. Cal. 2019) (citing 5 U.S.C. § 552(a)(3)(A)).

#### 1. Exhaustion of Administrative Remedies

Through the FOIA, Congress conferred jurisdiction upon the district court "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly held from the complainant." 5 U.S.C. § 552(a)(4)(B). "This vests the district court with all the powers of an equity court to issue injunctive relief from withholding of agency records." In re Steele, 799 F.2d 461, 465 (9th Cir. 1986); Taylor v. Sturgell, 553 U.S. 880, 885 (2008) ("If an agency refuses to furnish the requested records, the requester may file suit in federal court and obtain an injunction ordering the production of any agency records improperly withheld.") (internal quotations omitted).

Exhaustion of a party's administrative remedies is required under the FOIA, however, before that party can seek redress from the district court. Steele, 799 F.2d at 465–66. This serves to "protect[ ] administrative agency authority and promot[e] judicial efficiency." McCarthy v.

1 Madigan, 503 U.S. 140, 145 (1992). It also allows agencies to correct their mistakes and creates
2 a useful record "should judicial review become necessary." Amerco v. NLRB, 458 F.3d 883, 888
3 (9th Cir. 2006). Pursuant to the FOIA, prior to initiating suit in the district court, the requestor
4 must request specific information from the agency in accordance with published administrative
5 procedures, 5 U.S.C. §§ 552(a)(1), (2) & (3); have the request improperly refused, 5 U.S.C. §
6 552(a)(4)(B); Steele, 799 F.2d at 466; file available administrative appeals, Taylor v.
7 Appleton, 30 F.3d 1365, 1369 (11th Cir. 1994); McDonnell v. U.S., 4 F.3d 1227, 1240 (3d Cir.
8 1993); Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 63–64 (D.C. Cir. 1990); and present
9 proof that he has exhausted all administrative remedies. Hedley v. U.S., 594 F.2d 1043, 1044
10 (5th Cir. 1979).

11 Under certain circumstances, a district court may waive the requirement to file an
12 administrative appeal, such as "when . . . further administrative proceedings would prove futile,"
13 on the basis that this exhaustion requirement under the FOIA "is a prudential rather than
14 jurisdictional consideration." Aguirre v. U.S. Nuclear Regul. Comm'n, 11 F.4th 719, 725 (9th
15 Cir. 2021) (citing Yagman v. Pompeo, 868 F.3d 1075, 1083–84 (9th Cir. 2017)) (referring to
16 "constructive" exhaustion as "futility exception" to exhaustion); see also Antonelli v. Fed. Bureau
17 of Prisons, 591 F. Supp. 2d 15, 25 (D.D.C. 2008) (holding a district court "need not dismiss a
18 claim for failure to exhaust if it determines that the 'purposes and policies underlying the
19 exhaustion requirement' would not be undermined by reaching the merits."). However, the Ninth
20 Circuit recently joined other circuit courts in holding that, if an agency responds to a request
21 before suit is filed, even if after the procedural deadline, a requestor must "actually" exhaust his
22 administrative remedies under the FOIA. Aguirre, 11 F.4th at 726 (finding that, where requestor
23 refused to respond to agency's request for more specific terminology in request and instead
24 waited until the request was filled and then sued in federal court, he was required to actually
25 exhaust his administrative remedies through the administrative appeal process) (collecting cases);
26 see also Antonelli, 591 F. Supp. 2d at 25 ("to proceed on a claim where the agency has not had
27 the opportunity to act would not only undercut the exhaustion requirement but would also
28 encourage circumvention of the administrative process simply by filing a lawsuit.").

Furthermore, other exhaustion requirements cannot be waived. For example, "when a requestor fails to pay required fees, he fails to exhaust." Id. (citing Oglesby, 920 F.2d at 66 ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."); Pollack v. Dept. of Just., 49 F.3d 115, 119–20 (4th. Cir. 1995), cert. denied, 516 U.S. 843 (1995) (characterizing the payment of fees as a "statutory obligation")); see also 5 U.S.C. §§ 552(a)(4)(A)(i)–(ii) (authorizing each agency to promulgate regulations specifying schedule of fees applicable to the processing of requests and establishing procedures and guidelines for determining when such fees should be waived or reduced, with requirement that fees be limited to "reasonable standard charges for document search and duplication"), 552(a)(4)(A)(v)–(vi) (agency may require advance payment of fees where requester has previously failed to pay fees in a timely fashion or the agency has determined the fee will exceed $250, or pursuant to statute for particular types of records). At bottom, whether "actually" or "constructively," a plaintiff must exhaust his administrative remedies before filing suit, and failure to do so operates as a jurisdictional bar to judicial review of a plaintiff's claims. See Aguirre, 11 F.4th at 728–29; Hyman v. Merit Sys. Prot. Bd., 799 F.2d 1421, 1423 (9th Cir. 1986).

2. <u>Requirement to Reasonably Describe Records Requested</u>

Further, an agency's obligations under the FOIA to search for and release records "are not triggered . . . until it has received a proper FOIA request in compliance with [the agency's] published regulations." Antonelli, 591 F. Supp. 2d at 24, 26. A proper, perfected FOIA request is one that "reasonably describes" the records sought. 5 U.S.C. § 552(a)(3)(A). "Broad, sweeping requests lacking specificity are not permissible," nor are requests that would require the agency to "engage in quite a bit of guesswork to execute." Yagman, 868 F.3d at 1078, 1081 (holding request for "[r]ecords/information" on "the names and company/organization affiliations of any CIA employees, agents, operatives, contractors, mercenaries, and/or companies who are alleged to have engaged in torture of persons" specifically, the names and affiliations of those "as to whom President Obama stated that 'we tortured some folks' on August 1, 2014," was impermissibly broad and vague); Marks v. U.S., 578 F.2d 261, 263 (9th Cir. 1978) (an "all-encompassing search of the records of every field office of the FBI" would not "reasonably

1  describe" the records sought); Mason v. Callaway, 554 F.2d 129 (4th Cir. 1977), cert. denied, 434
2  U.S. 877 (1977), reh. denied, 434 U.S. 935 (1977) (request for "all correspondence, documents,
3  memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed
4  against plaintiffs . . ., including, but not limited to the files of [various government offices]" was
5  not reasonably descriptive); Irons v. Schuyler, 465 F.2d 608 (1972), cert. denied, 409 U.S. 1076
6  (1972) (request for "all unpublished manuscript decisions of the Patent Office, together with such
7  indices as are available . . . ." was too broad); Fonda v. C.I.A., 434 F. Supp. 498 (D.D.C.
8  1977) (request for all documents filed under requestor's name or which "concern her" but do not
9  mention her name was too broad). Thus, a party's failure to perfect a request also constitutes
10 failure to exhaust administrative remedies, which precludes judicial review. Flowers v. IRS, 307
11 F. Supp. 2d 60, 67 (D.D.C. 2004); cf. Yagman, 868 F.3d at 1084 (failure to reasonably describe
12 requested records was not "jurisdictional," but nevertheless required remand to agency to further
13 confer with requestor and determine a reasonable request).

**B.     Failure to State a Cognizable Claim**

As an initial matter, the Court notes the operative first amended complaint does not articulate the actions (or inactions) taken by Defendants. Presumably, Plaintiff seeks to assert a FOIA claim because he submitted FOIA requests and either received a response he deemed to be inadequate or no response at all; however, Plaintiff does not allege any facts to this effect, and the Court cannot supply the factual allegations for Plaintiff. Thus, the operative first amended complaint does not establish any factual basis for a lawsuit.

More specifically, to the extent he seeks to assert a FOIA claim, the Court cannot conclude Plaintiff has alleged sufficient facts to either establish this Court has jurisdiction over his FOIA claim, or to state a cognizable FOIA claim. This is because, in the only discernable factual allegation asserted in the amended complaint, Plaintiff broadly alleges he twice served FOIA requests on all three Defendants (ECF No. 7 at 7), but he does not identify the actions or inactions of each individually-named Defendant, nor does he allege whether he received any response, or any other facts describing what happened. Without more, the Court cannot conclude at this juncture that Plaintiff "constructively" exhausted his administrative remedies as to any of

the three federal agency Defendants. Aguirre, 11 F.4th at 725–26; Antonelli, 591 F. Supp. 2d at 25 (indicating district court should only deem exhaustion waived/find constructive exhaustion if the "purposes and policies underlying the exhaustion requirement would not be undermined by reaching the merits.").

Nor can the Court conclude Plaintiff met his burden to establish he "actually" exhausted his administrative remedies based on the allegations. Hedley, 594 F.2d at 1044. As indicated by the controlling legal authorities, payment of applicable fees is required to satisfy the exhaustion requirement. Aguirre, 11 F.4th at 726; Oglesby, 920 F.2d at 66; Pollack, 49 F.3d at 119–20. As noted, however, Plaintiff has not alleged that he paid any administrative fees related to the search and production of his FOIA requests; nor does Plaintiff allege that he applied for a fee waiver, was granted a fee waiver, was denied a fee waiver, or appealed any refusal to waive fees. Oglesby, 920 F.2d at 66 ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."). On this record, the Court finds Plaintiff did not sufficiently allege facts to support a finding of exhaustion of his FOIA claims.

Consequently, Plaintiff has not alleged facts sufficient to establish the Court has subject matter jurisdiction over his FOIA claims, nor has he alleged sufficient facts to state a cognizable claim under the FOIA.

### C.  Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, while the Court finds the amended complaint does not state any cognizable claim, it

1  is apparent that Plaintiff is attempting to amend his complaint in accordance with this Court's
2  findings: after the Court issued its screening order regarding the original complaint, Plaintiff
3  submitted an amended complaint in which he provided a much more concise statement of his
4  claims (removing the illegible attachments and reducing the length of the complaint from 44
5  pages to 7 pages), and he has elected to proceed without the previously identified state defendants
6  and federal causes of action which the Court found to be uncognizable as a matter of law. (See
7  ECF Nos. 1, 6.) Thus, at this time, the Court declines to rule out the possibility that Plaintiff can
8  plausibly allege facts supporting a FOIA claim against one or more of the named federal
9  Defendants, if given leave to amend. For this reason, the Court shall grant Plaintiff one final
10 opportunity to amend his complaint to plead specific facts to address the deficiencies described in
11 this order. However, Plaintiff is advised that, if he "does not take advantage of the opportunity to
12 fix his complaint, [the Court] may convert the dismissal of the complaint into dismissal of the
13 entire action."). Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff fails to state a cognizable claim and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order with respect to his FOIA claims against the federal Defendants. Lopez, 203 F.3d at 1127. Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also describe what each named defendant did to Plaintiff, and how each defendant's misconduct harmed Plaintiff. Fed. R. Civ. P. 8; see also Iqbal, 556 U.S. at 678–79 (on constitutional claims). Thus, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555 (citations omitted).

To the extent Plaintiff must submit a handwritten complaint and supporting exhibits, he is again directed to write as legibly as possible and, to the best of his ability, to write his statements on lined paper with only one line of text per line and not multiple text columns.

Further, Plaintiff is reminded he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007) (no "buckshot" complaints).

Finally, Plaintiff is reminded that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. This means Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order **no later than March 31, 2023**;
3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **February 23, 2023**

UNITED STATES MAGISTRATE JUDGE